UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD B. MURPHY, Chapter 7 Trustee of the Bankruptcy Estate of OPK Biotech LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ZAO "MEDINTORG",<br><br>Defendant | Civ. A. No. |

# COMPLAINT

## PARTIES AND JURISDICTION

1.      OPK Biotech, LLC ("OPK Biotech") is a Delaware limited liability company with its principal place of business in Cambridge, Mass. On April 25, 2014, certain of its creditors filed an involuntary bankruptcy petition under Title 11 of the U.S. Code ("the Bankruptcy Code") against OPK Biotech in the U.S. Bankruptcy Court for the District of Massachusetts ("the Bankruptcy Court"). The Bankruptcy Court entered an Order for Relief on May 20, 2014. The bankruptcy case ("the Bankruptcy Case") is pending in the Bankruptcy Court as case no. 14-11870-JNF.

2.      The plaintiff, Harold B. Murphy ("the Trustee"), is the duly appointed trustee of the bankruptcy estate of OPK Biotech. He has a usual place of business at One Beacon St., 21st Floor, Boston, Mass. 02108.

3.      The defendant, ZAO "Medintorg", ("Medintorg") is a closed joint-stock company organized under the laws of Russia, with its principal place of business in Moscow, Russia. "ZAO" is the English transliteration of the abbreviation of *zakrytoye aktsionernoye*

*obschchestvo,* which means "closed joint-stock company" in Russian. Medintorg is also known as CJSC Medintorg.

4. This case arises under a treaty of the United States, namely the U.N. Convention on Contracts for the International Sale of Goods, 1489 U.N.T.S. 3 ("the CISG"), as more fully alleged below. The Court has jurisdiction under 28 U.S.C. § 1331.

5. This action relates to the Bankruptcy Case. The Court also has jurisdiction under 28 U.S.C. § 1334(b).

6. The sole member of OPK Biotech is OPK Biotech Holding Company, a Delaware corporation. On information and belief, OPK Biotech Holding Company no longer conducts any business and has no principal place of business. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Court also has jurisdiction under 28 U.S.C. § 1332(a)(2).

## FACTS

7. OPK Biotech was in the business of selling Hemopure, an oxygen therapeutic product.

8. On October 4, 2013, Medintorg sent OPK Biotech a purchase order for 360 units of Hemopure at $1,450 per unit. A true copy of the purchase order is attached as Exhibit 1.

9. On December 2, 2013, OPK Biotech shipped 360 units of Hemopure to Medintorg. They were received by Medintorg on January 3, 2013. A true copy of the waybill and other records of the shipping company establishing delivery is attached as Exhibit 2.

10. On December 7, 2013, OPK Biotech sent an invoice to Medintorg for the goods Medintorg had ordered. The total amount of the invoice was $522,000. A true copy of the invoice is attached as Exhibit 3.

11. On December 9, 2013, Medintorg sent OPK Biotech a purchase order for 720 units of Hemopure at $1,450 per unit. A true copy of the purchase order is attached as Exhibit 4.

12. On December 14, 2013, OPK Biotech shipped 720 units of Hemopure to Medintorg. They were received by Medintorg on December 30, 2013. A true copy of the waybill and other records of the shipping company establishing delivery is attached as Exhibit 5.

13. On December 16, 2013, OKP Biotech sent an invoice to Medintorg for the goods Medintorg had ordered. The total amount of the invoice was $1,044,000. A true copy of the invoice is attached as Exhibit 6.

14. Although the total purchase price for the two transactions is $1,566,000, Medintorg has only paid $156,600. It has failed to pay the remaining amount, $1,409,400.

Count One
Convention on the International Sale of Goods, Arts. 61 and 62.

15. The Trustee incorporates the allegations of paragraphs 1 to 14.

16. Medintorg has breached its obligation to pay the price for the goods under Articles 53 and 54 of the CISG, to which both the United States and Russia are party.

17. Under Articles 61 and 62 of the CISG, the Trustee, suing on behalf of the bankruptcy estate of OPK Biotech, is entitled to damages in the amount of the unpaid contract price.

Count Two
Goods Sold and Delivered

18. The Trustee incorporates the allegations of paragraphs 1 to 17.

19. OPK Biotech sold goods to Medintorg.

20. Those goods were delivered to Medintorg.

21. Medintorg failed to pay for the goods in full.

22.     The Trustee, suing on behalf of the bankruptcy estate of OPK Biotech, is entitled to damages in the amount of the unpaid contract price.

## DEMAND FOR RELIEF

Therefore, the plaintiff demands judgment against the defendant for damages in the amount of $1,409,400, with prejudgment interest, costs, and such other relief to which he may be entitled at law or in equity.

## DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury.

Respectfully submitted,

HAROLD B. MURPHY, Chapter 7 Trustee of the Bankruptcy Estate of OPK Biotech LLC

By his attorney:

/s/ Theodore J. Folkman
Theodore J. Folkman (BBO No. 647642)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tfolkman@murphyking.com

Dated: September 9, 2016
713708